UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH STAFFORD,<br><br>               Petitioner<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>               Respondent | Civ. A. No. 21-cv-06164 |

## PETITIONER'S MOTION TO CONFIRM ARBITRATION AWARD

Petitioner Elizabeth Stafford hereby moves to confirm the arbitration award she obtained in connection with her claim against International Business Machines Corporation ("IBM") of age discrimination in violation of the Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C. § 621 *et seq.* claim. The Final Award entered on her claim on July 12, 2021, is attached here as Exhibit 1. Petitioner moves to confirm her arbitration award pursuant to IBM's arbitration agreement, as well as the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*

IBM's arbitration agreement provides that "[a]ny judgment or award issued by an arbitrator may be entered in any court of competent jurisdiction." See Exhibit 2, at 2. The FAA provides that, absent modification or vacatur of the award, a court "must grant" a timely request for an order confirming an arbitration award. See 9 USCA § 9; see also Teamsters Local 177 v. United Parcel Service, 966 F.3d 245, 248 (3d. Cir. 2020) ("The FAA not only authorizes, but mandates, that district courts confirm arbitration awards by converting them into enforceable judgments through a summary proceeding."). "[T]he

confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984).

Petitioner is concurrently seeking to file the award under seal pursuant to the "Privacy and Confidentiality" clause of IBM's Arbitration Procedure (see Exhibit 2, at 3). However, Petitioner requests that the Court exercise its inherent authority to unseal this award so that the public may access it.[1]  As this Court has previously found, the "mere

---

[1] Numerous individuals have brought age discrimination claims against IBM over the last several years, alleging that the company has systemically been forcing out older employees in order to build a younger workforce (to help it compete with younger and "hipper" technology companies such as Google, Salesforce, and Amazon).  See, e.g., Rusis v. International Business Machines Corp., No. 18-CV-8434 (VEC) (S.D.N.Y.); Langley v. International Business Machines Corp., No. A-18-CV-443-LY (W.D. Tex.); Iacono v. International Business Machines Corp., No. CV 17-8083-FMO (PLAx) (C.D. Cal.); Lee v. IBM, No. 3:20-cv-3684 (N.D. Tex.); Wagner v. International Business Machines Corp., No. 1:20-cv-00194-SAG (D. Md.).  In addition to these federal lawsuits, as discussed in the Rusis case, many individuals have pursued these claims in individual arbitration, pursuant to IBM's arbitration agreement which it required employees to sign in order to obtain a modest one to three-month severance payment. IBM included a confidentiality provision in its arbitration agreement (which also contains a class action waiver) in an attempt to prevent employees from sharing information obtained in their cases with other employees, including the results of these arbitrations, thus severely hampering the ability of individuals pursuing these claims to "obtain[] the information needed to build a case". Ting v. AT&T, 319 F.3d 1126, 1152 (9th Cir. 2003).

A number of courts have found such confidentiality provisions in arbitration agreements to be unconscionable. See id.; Bragg v. Linden Research, Inc., 487 F. Supp. 2d 59 (E.D. Pa. 2007) (finding a confidentiality clause within an arbitration agreement to be unconscionable because it allows a company to "place[] itself in a far superior legal posture by ensuring that none of its potential opponents have access to precedent" and "[t]he unavailability of arbitral decisions could also prevent potential plaintiffs from obtaining the information needed to build a case of intentional misconduct against a company."); see also Zuver v. Airtouch Communications, Inc., 153 Wn.2d 293, 299 (Wash. 2004) ("keeping past findings secret undermines an employee's confidence in the fairness and honesty of the arbitration process, and thus potentially discourages that employee from pursuing a valid discrimination claim."); Kinkel v. Cingular Wireless LLC, 223 Ill. 2d 1, 42 (Ill. 2006) (finding that confidentiality provisions may be unconscionable when coupled with class action waivers, because such provisions

existence of a confidentiality agreement ... does not demonstrate that sealing is necessary." Church Ins. Co. v. ACE Property & Cas. Ins. Co., 2010 WL 3958791 at *3 (S.D.N.Y. 2010) (denying party's request to seal documents), quoting Mutual Marine Office, Inc. v. Transfercom Ltd., 2009 WL 1025965 at *5 (S.D.N.Y. 2009).[2]

Accordingly, this Court should confirm the attached arbitration award, pursuant to 9 U.S.C. § 9, and should order that it be unsealed.

Dated: July 19, 2021

Respectfully submitted,

ELIZABETH STAFFORD,

By her attorney,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, NY Bar No. 2971927
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com

---

prevent "the claimant [and] her attorney [from] shar[ing] [] information with other potential claimants.").

[2]     See also Utica Mutual Insurance Company v. INA Reinsurance Company, 2012 WL 13028279 (N.D.N.Y. June 12, 2012) ("The law grants a presumption of public access to judicial documents . . . and the confidentiality order in the arbitration does not entitle Utica to '... transfer the privileges of [its] private arbitration to a public judicial forum.'"), quoting Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d. Cir. 2006) and Standard Chartered Bank International (Americas) Ltd. v. Calvo, 757 F.Supp.2d 258, 260 (S.D.N.Y. 2010)."); see also Global Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co., 2008 WL 1805459 at *2 (S.D.N.Y. 2008) (granting respondent's motion to reconsider its earlier sealing order and unsealing the final arbitration award in a proceeding to confirm where the petitioner had failed to demonstrate why the presumption of access should be overcome); Sony Ericsson Mobile Communications AB v. Delta Electronics Public Company Ltd., 2009 WL 959639 at *2 (S.D.N.Y. 2009) ("[t]he fact that arbitral proceedings in this case may have been confidential under the arbitral rules or the arbitration clause at issue does not necessitate that they be kept confidential in these proceedings.").

3

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on July 19, 2021, she filed and served the foregoing document via the Court's CM/ECF system, which will send notice of the filing to all counsel of record. Parties may access the filing through the Court's CM/ECF system.

                                        */s/ Shannon Liss-Riordan*_____
                                        Shannon Liss-Riordan