UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH STAFFORD,

Petitioner,

-v-

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

Defendant.

21-CV-6164 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Petitioner Elizabeth Stafford brings this action petitioning the Court to confirm an arbitration award she obtained on July 12, 2021, in connection with an arbitration demand she filed against Respondent International Business Machines Corporation ("IBM"). (Dkt. Nos. 1, 13.) IBM does not oppose the motion to confirm the arbitration award but does oppose Stafford's simultaneous motion to unseal the award. (*See* Dkt. No. 16.) It additionally requests that if the Court grants Stafford's request to unseal the award, the Court stay the ruling for thirty days to provide IBM an opportunity to decide whether to appeal. (Dkt. No. 21.)

For the following reasons, Stafford's motions to confirm the arbitration award and unseal the award are granted. IBM's motion to stay the ruling is also granted.

I.     **Factual Background**

In June 2018, Stafford and IBM signed a separation agreement. (Dkt. No. 13-2.) The separation agreement confirmed that Stafford was releasing IBM from all claims she may have had against it, with the exception of a few, including the one that was at issue in the arbitration. (Dkt. No. 13-2 ¶¶ 2–3.) The agreement contained an arbitration provision requiring any claims or disputes between IBM and Stafford to be resolved in "private, confidential, final and binding

arbitration." (Dkt. No. 13-2 ¶ 5.)  The agreement also included an attachment with a separate

"Privacy and Confidentiality" section that provided:  "[T]he parties shall maintain the

confidential nature of the arbitration proceeding and the award.  The parties agree that any

information related to the proceeding, such as documents produced, filings, witness statements or

testimony, expert reports and hearing transcripts is confidential information which shall not be

disclosed . . . unless otherwise required by law or judicial decision."  (Dkt. No. 13-2 at 7.)

       In January 2019, Stafford filed an arbitration demand against IBM, and in July 2021, the

arbitrator entered an arbitration award (the "Final Award") in favor of Stafford.  (Dkt. No. 1 ¶¶ 9,

12.)  Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, Stafford filed a petition to

confirm the Final Award that same month.  (Dkt. No. 1 ¶ 13.)  Stafford provisionally moved to

file the Final Award under seal pursuant to the separation agreement.  (Dkt. No. 4 at 2.)

       According to a declaration filed by IBM, following the arbitrator's ruling, IBM began

processing payment of all amounts owed to Stafford and her counsel under the Final Award and

IBM has now fully satisfied all the terms of the Final Award.  (Dkt. No. 17 ¶¶ 7–8.)

**II.   Discussion**

   **A.  Petition to Confirm the Arbitration Award**

       "Under the terms of [9 U.S.C. § 9], a court must confirm an arbitration award unless it is

vacated, modified, or corrected as prescribed by §§ 10 and 11."  *Hall St. Assocs., L.L.C. v.*

*Mattel, Inc.*, 552 U.S. 576, 582 (2008) (internal quotation marks omitted).  "The arbitrator's

rationale for an award need not be explained, and the award should be confirmed if a ground for

the arbitrator's decision can be inferred from the facts of the case."  *D.H. Blair & Co. v.*

*Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks omitted).  Courts in this

District are clear that "even where the petition is unopposed, a court must still treat the petition

as akin to a motion for summary judgment." *Church Ins. Co. v. Ace Prop. & Cas. Ins. Co.*, No. 10 Civ. 698, 2010 WL 3958791, at *2 (S.D.N.Y. Sept. 23, 2010) (internal quotation marks omitted); *see also Clearwater Ins. Co. v. Granite State Ins. Co.*, No. 15 Civ. 165, 2015 WL 500184, at *2 (S.D.N.Y. Feb. 5, 2015) (even where a petition is unopposed, "the facts must show that the petitioner is entitled to judgment as a matter of law"); *Alexandria Real Est. Equities, Inc. v. Fair*, No. 11 Civ. 3694, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) (even if the arbitration award is uncontested, the court must "independently appl[y] the facts of the case to the legal standard for award confirmation").

The FAA provides the limited grounds for vacating or modifying an award.  It allows for vacatur only where the award was procured by fraud or corruption, there is evidence of corruption or partiality on the part of the arbitrator, the arbitrator is found to be guilty of misconduct, or the arbitrator exceeds his power.  9 U.S.C. § 10.  It allows for modification when there is an evident miscalculation or material mistake in the award, where the arbitrator has exceeded his power, or where the award is imperfect in a manner not affecting the merits.  9 U.S.C. § 11.

Here, having carefully reviewed the Final Award, the Court concludes there is no basis for vacating, modifying, or correcting it and the petition to confirm the Final Award is granted.

### B.  Motion to Unseal

IBM opposes Stafford's motion to unseal the arbitration award on three grounds.  First, it argues that Stafford lacks standing to seek unsealing because she has no personal interest at stake.  The Court disagrees with IBM's position that Stafford must "articulate [a] concrete interest in whether the award remains sealed from public view."  (Dkt. No. 16 at 5.)  Indeed, the right to the public's access to judicial documents is a common law right "firmly rooted in our

nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

"The presumption of access is based on the need for federal courts . . . to have a measure of

accountability and for the public to have confidence in the administration of justice." *Id.*

(internal quotation marks omitted). *Lugosch* and its progeny make clear that it is the public that

benefits from access to judicial documents, *see id.*, and it is the court's responsibility to "make

specific, rigorous findings before sealing the document or otherwise denying public access."

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016)

(internal quotation marks omitted). That is why courts routinely unseal judicial documents even

against the opposition of *both* parties. *See, e.g.*, *id.* The Court therefore concludes that it has an

independent obligation to determine whether sealing is justified, irrespective of IBM's argument

as to standing.

Second, IBM contends that Stafford is equitably estopped from seeking to unseal because

she agreed in the separation agreement to maintain confidentiality. (Dkt. No. 16 at 7–9.) IBM

argues that "having secured [] benefits from IBM . . . she cannot abandon her promise of

confidentiality." (Dkt. No. 16 at 8.) However, as Stafford points out, this argument fails because

the separation agreement contains a provision that allows for unsealing if "required by law or

judicial decision." (Dkt. No. 13-2 at 7.) Furthermore, it can hardly be said by the terms of the

separation agreement that IBM provided Stafford with "valuable severance benefits" *solely* in

exchange for her promise of confidentiality. (Dkt. No. 16 at 8.) While confidentiality was

undoubtedly important to IBM, IBM also received other benefits from the separation agreement,

including Stafford's agreement to release certain potential claims against IBM. (Dkt. No. 13-2

¶¶ 2–3.)

Finally, IBM argues that Stafford's request to unseal should be denied because the harm that IBM would suffer from public disclosure outweighs the public's right of access to it.  (Dkt. No. 16 at 9–16.)  To determine whether the presumptive right of public access attaches to a particular record, courts in this District must engage in a two-step inquiry.

The first step is determining whether the record at issue is a "judicial document."  *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).  "Not all documents filed with the court are judicial documents.  Rather, a judicial document is one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process."  *Id.* at 59 (internal quotation marks omitted).  IBM contends that the Final Award is not a judicial document because IBM does not oppose confirmation and has fully complied with the Final Award.  (Dkt. No. 16 at 10.)  Therefore, IBM suggests, the Court does not need to consult the contents of the Final Award in award to confirm it.  (Dkt. No. 16 at 11.)  This argument has been previously raised by parties and has been rejected by several courts in this District.  *See, e.g.*, *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, No. 21 Civ. 207, 2021 WL 3540221, at *2 (S.D.N.Y. Aug. 11, 2021) (collecting cases); *Clearwater*, 2015 WL 500184, at *3.  In accordance with numerous district court decisions, this Court holds that the Final Award is a judicial document.

Once a court determines that the document at hand is a judicial document, the party moving to maintain sealing "must overcome the strong presumption of public access to judicial documents and, in particular, adjudication of substantive rights."  *Clearwater*, 2015 WL 500194, at *3.  "In circumstances where an arbitration award is confirmed, the public in the usual case has a right to know what the Court has done."  *Glob. Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co.*, No. 07 Civ. 8196, 2008 WL 1805459, at *1 (S.D.N.Y. Aug. 12, 2010).  IBM,

as the party moving to maintain the Final Award under seal, "bears the burden of demonstrating

what 'higher values' overcome the presumption of public access." *Alexandria Real Estate*, 2011

WL 6015646, at *3 (quoting *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir.

1997)).  IBM proposes several factors that it argues weigh against the presumption of access:  (1)

the Final Award contains specific proposed headcount reduction numbers and hiring targets, as

well as the decision-making processes behind those numbers, which could be used by

competitors to understand the areas in which IBM is hiring or downsizing and for recruitment

purposes; (2) the Final Award contains a discussion of a performance evaluation of a current

executive, and disclosure could harm employee morale; (3) the Final Award contains

information about Stafford's salary, which competitors could use for recruitment purposes; (4)

IBM is facing several lawsuits and arbitrations by other IBM employees represented by

Stafford's counsel, and unsealing the Final Award could provide benefits to those employees and

disadvantage IBM; (5) allowing unsealing would violate the strong federal policy in favor of

protecting arbitral confidentiality; and (6) the parties specifically agreed to keep the arbitration

proceedings, including any award, confidential.  (Dkt. No. 16 at 10–16.)

IBM has failed to identify factors that overcome the strong presumption of public access

and weigh in favor of sealing the entire Final Award.  As recognized by the Second Circuit and

other district courts, a "higher value" has been considered to include the protection of attorney-

client privilege, *Lugosch*, 435 F.3d at 125; "the danger of impairing law enforcement or judicial

efficiency," *SEC v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001); "the privacy interests of

those resisting disclosure, such as trade secrets," *Dodona I, LLC v. Goldman, Sachs & Co.*, 119

F. Supp. 3d 152, 154 (S.D.N.Y. 2014); and the public disclosure of sensitive medical

information, *see Pal v. N.Y.U.*, No. 06 Civ. 5892, 2010 WL 2158283, at *1 (S.D.N.Y. May 27,

2010).  While the enforcement of contracts is an important role of the courts, "it does not constitute a higher value that would outweigh the presumption of public access to judicial documents."  *Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co.*, No. 12 Civ. 3274, 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012)

A risk of competitive harm may, in certain cases, serve as a basis for sealing judicial documents, but IBM's vague and hypothetical statements that competitors may use this information, much of which is already available to the public (*see* Dkt.  No. 17 at 10–11) or outdated, is not the sort of specific evidence required to overcome the presumption of public access.  The Court, however, agrees that any sensitive information, such as the name or other identifying information, of the non-party IBM employee whose performance evaluation is discussed should be redacted.

### C.  Motion to Stay

Given the unique circumstances of this case — where the parties explicitly agreed to maintain the confidentiality of the arbitration proceedings, the Final Award is unopposed *and* has been fully satisfied, and IBM provided some reasons to maintain the sealing — the Court grants IBM's motion to stay the unsealing order for thirty days.

## III.  Conclusion

For the foregoing reasons, Stafford's motion to confirm the Final Award is GRANTED and her motion to unseal the Final Award is GRANTED.  IBM's motion to stay an order unsealing the Final Award is GRANTED.  The parties are directed to confer on any sensitive information about the non-party IBM employee and file proposed redactions under seal within two weeks after the issuance of this Opinion & Order, regardless of whether IBM plans to appeal.

The Clerk of Court is directed to unseal Docket Number 7 thirty days after the date of this Opinion and Order, except that Docket Number 7 should remain sealed if IBM files a timely Notice of Appeal.  The Clerk of Court is also respectfully directed to close the motions at Docket Numbers 14 and 21.

SO ORDERED.

Dated: May 10, 2022
      New York, New York

_____
J. PAUL OETKEN
United States District Judge